**MATTHEW S. MUCKLEROY**
Texas State Bar No. 24066796
mmuckleroy@cwl.law
**DALLAS FLICK**
Texas State Bar No. 24104675
dflick@cwl.law
CRAWFORD, WISHNEW & LANG, PLLC
1700 Pacific Ave, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500

**Melissa S. Hayward**
Texas State Bar No. 24044908
MHayward@HaywardFirm.com
**Hayward PLLC**
10501 North Central Expy, Suite 106
Dallas, Texas 75231
(972) 755-7100 (*tel.*)
(972) 755-7110 (*facsimile*)

*ATTORNEYS FOR LUNACROSSING, LTD.*
*AND TRIANGLE PROPERTY MANAGEMENT, INC.*

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **RENEGADES OF FUN LLC** | § | **Case No. 26-41049-mxm7** |
| | § | **Chapter 7** |
| Debtor, | § | |
| | § | |
| | § | |

### MOTION FOR RELIEF FROM STAY TO
### FILE MOTION TO SEVER IN STATE COURT LAWSUIT

---

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. TENTH STREET, ROOM 147, FORT WORTH, TEXAS 76102, OR AS THE COURT DIRECTS OR BEFORE CLOSE OF BUSINESS ON MARCH 27, 2026, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

TO THE HONORABLE MARK X. MULLIN
UNITED STATES BANKRUPTCY JUDGE:

Lunacrossing, Ltd. and Triangle Property Management, Inc. (collectively, the "***Movants***") file this *Motion for Relief from Stay to File Motion to Sever in State Court Lawsuit* (the "***Motion***") and in support would respectfully show the Court as follows:

## <u>SUMMARY AND RELIEF REQUESTED</u>

1.      Petitioner 2434 South Interstate 35E Leasing, LLC ("***Petitioner***" or "***Leasing***") initiated this involuntary bankruptcy proceeding on March 6, 2026—on the eve of a jury trial set for March 9, 2026, in a state court action pending in the 481st Judicial District Court in Denton County, Texas, Case No. 22-4043-481, styled *2434 South Interstate 35E Leasing, LLC et al. v. Thomas Hjelm, et al.* (the "***State Court Action***"). Petitioner, along with Milton 2434 South I-35, LLC (together, the "***Plaintiffs***"), have claims pending against Movants in the State court Action, while Movants have affirmative defenses and a claim for prevailing party attorneys' fees pending against Plaintiffs. On the eve of trial, Plaintiffs received a number of Court rulings that adversely affected their claims against Movants. And rather than proceed to trial, Petitioner filed this

---

involuntary bankruptcy proceeding against one of the other named defendants in the State Court Action to indefinitely stay the State Court Action and avoid trial and the likely outcome.

2.      Movants request the Court grant them relief from the automatic stay to file a motion to sever Plaintiffs' and Movants' respective claims and defenses against one another, in the State Court Action so that the parties may proceed to trial. While the automatic stay under Section 362 may not even prevent Movants from filing such a motion to sever in the State Court Action, Movants present this Motion out of an abundance of caution so that Movants and Plaintiffs may proceed with their litigation in against one another in the State Court Action.

### BACKGROUND

3.      On May 20, 2022, Plaintiffs initiated the State Court Action against Movants, the Debtor, and several other Defendants. Plaintiffs brought fraud-related claims against Movants related to a sale agreement for commercial property in Denton, Texas. The Petitioner (as a Plaintiff in the State Court Action) also brought claims against the Debtor for breach of contract related to unpaid rent for the same commercial property. Importantly, the claims against Movants do not overlap with the claims against the Debtor. *See* **Exhibit 1** (Plaintiffs' live pleading).

4.      On September 30, 2025, the court in the State Court Action set the matter for jury trial on March 9, 2026. *See* **Exhibit 2** (Third Amended Scheduling Order).

5.      On February 27, 2026, Plaintiffs and Movants appeared at Docket Call in the State Court Action and announced ready for trial. Counsel for Debtor and other Defendants also appeared at Docket Call and indicated the claims against the Debtor that had not been reduced to a judgment would be severed from the State Court Action prior to trial.

6.      On February 26, 2026, Movants filed a motion for pretrial rulings in the State Court Action under TEX. R. CIV. P. 166 and 248 concerning Plaintiffs' fraud-related claims against

Movants. On March 6, 2026, at 12:00 p.m., the court in the State Court Action held a telephone conference and provided an oral ruling on Movants' motion for pretrial rulings:

- The operative purchase and sale agreement contains enforceable anti-reliance and merger clauses and an "as-is" provision that precludes Plaintiffs' claims against Movants.

- Plaintiffs' damages claims are waived by the Agreement's damages waiver provision.

- The Agreement does *not* preclude Plaintiffs' claims as they relate to the Movants' alleged fraudulent statement and/or omission concerning Thomas Hjelm's bankruptcy.

- Plaintiffs' claims are contractual and barred by the economic loss rule.

- Movants would be entitled to attorneys' fees should they prevail on their affirmative defenses to enforce the Agreement against Plaintiffs.

Practically speaking, the ruling truncated Plaintiffs' claims ahead of trial and left Plaintiffs' ability to potentially recover against Movants in serious jeopardy.

7.      Ahead of a follow-up conference call with the judge in the state court action, on March 6, 2026, at or around 4:15 p.m., Petitioner filed this involuntary bankruptcy action against Debtor.

8.      Consequently, the State Court Action has been held in abeyance pending the present bankruptcy proceedings. Movants wish to promptly resume the State Court Action so that their and Plaintiffs' remaining claims and defenses can be tried as necessary.

## ARGUMENTS AND AUTHORITIES

9.      Section 362(d) governs relief from the automatic stay. In relevant part, that section reads:

> On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided under [§ 362(a)], such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause . . . .

10.     The term "cause" is not defined in the Bankruptcy Code; thus, Courts are free to determine it on a case-by-case basis. *In re Reitnauer*, 152 F.3d 341, 343 n.4 (5th Cir. 1998) ("Because § 362 does not offer guidance as to what constitutes 'cause,' reviewing courts must determine whether cause existed on a case-by-case basis."); *In re Wilson*, 116 F.3d 87, 90 (3rd Cir. 1997)(opining that cause is not defined in the Bankruptcy Code, "leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case.").

11.     In determining if cause exists, "courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the movant." *In re Continental Airlines, Inc.*, 152 B.R. 420, 424 (D. Del. 1993). The automatic stay is intended to preserve the assets of the debtor and to provide an equitable procedure for all creditors. *In re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977)). When a pending action does not interfere with the bankruptcy proceeding, the automatic stay in no way fosters Bankruptcy Code policy. *Id*., at 508 (citing S. Rep. No. 989, 95th Cong., 2d Sess. 50, 52, reprinted in [1978] U.S. Code Cong. & Ad. News 5836, 5638). Whether cause exists is committed to the discretion of the bankruptcy court. *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985).

12.     Here, lifting the automatic stay to permit the Movants and Plaintiffs to sever their respective claims and defenses against one another in the State Court Action is consistent with the policies of the Bankruptcy Code. The Movants do not seek to obtain any of Debtors' assets at the expense of other creditors; rather, they merely seek relief from the automatic stay to allow them to continue and conclude their portion of the State Court Action. Doing so would have zero impact on the Debtors' estate as none of the proposed severed claims would relate to the Debtor.

Moreover, the severed State Court Action will not interfere with this Bankruptcy Case because there will be no claims advanced against the Debtor.

## **CONCLUSION**

Accordingly, Movants request the Court (i) grant relief from the stay imposed under 362(a) of the Bankruptcy Code as set forth herein; (ii) allow the Movants to file a motion to sever in the State Court Action so that Plaintiffs and Movants may proceed with their respective claims and defenses; and (iii) award Movants such other and further relief to which they may be justly entitled.

Dated: March 13, 2026                              Respectfully submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

By: */s/ Matthew Muckleroy*
   **Matthew S. Muckleroy**
   Texas State Bar No. 24066796
   mmuckleroy@cwl.law
   **Dallas Flick**
   Texas State Bar No. 24104675
   dflick@cwl.law
   1700 Pacific Ave, Suite 2390
   Dallas, Texas 75201
   Telephone: (214) 817-4500

   -AND-

   Melissa S. Hayward
   State Bar No. 24044908
   MHayward@HaywardFirm.com
   **HAYWARD PLLC**
   10501 North Central Expy, Suite 106
   Dallas, Texas 75231
   (972) 755-7100 (*tel./fax*)

   **ATTORNEYS FOR MOVANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, a true and correct copy of the foregoing document was served electronically by the Clerk of Court upon all parties entitled to receive notice in the Adversary Proceeding.

/s/ Matthew Muckleroy
Matthew S. Muckleroy

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 13, 2026, counsel for Movants conferred with Petitioner's counsel and Debtor's counsel regarding this Motion and the relief sought therein. Petitioner's counsel is opposed to the sought-after relief.

/s/ Matthew Muckleroy
Matthew S. Muckleroy