**MATTHEW S. MUCKLEROY**
State Bar No. 24066796
**DALLAS FLICK**
State Bar No. 24104675
CRAWFORD, WISHNEW & LANG, PLLC
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: 214-817-4500
Facsimile: 214-602-6551
*ATTORNEYS FOR LUNACROSSING, LTD.*
*AND TRIANGLE PROPERTY MANAGEMENT, INC.*


### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | |
|---|---|
| IN RE: | CASE NO.: 26-41049 |
| RENEGADES OF FUN LLC, | CHAPTER 7 |
| Debtor. | |

### APPENDIX IN SUPPORT OF MOTION FOR RELIEF FROM STAY TO FILE MOTION TO SEVER IN STATE COURT LAWSUIT

TO THE HONORABLE MARK X. MULLIN
UNITED STATES BANKRUPTCY JUDGE:

Lunacrossing, Ltd. and Triangle Property Management, Inc. (collectively, the "***Movants***")

file this *Appendix in Support of Motion for Relief from Stay to File Motion to Sever in State Court*

*Lawsuit.*

| Exhibit | Description | Appendix Nos. |
|---------|-------------|---------------|
| 1 | Plaintiffs' Fourth Amended Petition | 001-020 |
| 2 | Third Amended Agreed Scheduling Order | 021-024 |

Dated: March 13, 2026

Respectfully submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

By: */s/ Matthew Muckleroy*
    **Matthew S. Muckleroy**
    Texas State Bar No. 24066796
    mmuckleroy@cwl.law
    **Dallas Flick**
    Texas State Bar No. 24104675
    dflick@cwl.law
    1700 Pacific Ave, Suite 2390
    Dallas, Texas 75201
    Telephone: (214) 817-4500

**ATTORNEYS FOR LUNACROSSING, LTD. AND TRIANGLE PROPERTY MANAGEMENT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that all current counsel of record has been served with a copy of the foregoing document via the Court's CM/ECF system on March 13, 2026.

*/s/ Matthew S. Muckleroy*
Matthew S. Muckleroy

FILED: 3/12/2024 1:37 PM
David Trantham
Denton County District Clerk
By: Jade Kenemore, Deputy

CAUSE NO. 22-4043-481

| | | |
|---|---|---|
| **2434 SOUTH INTERSTATE 35E LEASING, LLC and MILTON 2434 SOUTH I-35, LLC,**<br>    *Plaintiffs,*<br><br>*v.*<br><br>**THOMAS HJELM, CURTIS SKALLERUP, JEFFREY RUTTEN, SR PARK ENTERPRISES, LLC f/k/a VERTICAL TRAMPOLINE PARK ENTERPRISES, LLC, J&C IP, INC., LUNACROSSING, LTD., TRIANGLE PROPERTY MANAGEMENT, INC., RENEGADES OF FUN, LLC, BRADLEY D. JESTIS, and TEJAL N. JESTIS**<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **IN THE DISTRICT COURT**<br><br><br><br><br><br><br><br><br>**481st JUDICIAL DISTRICT** |
| **CURTIS SKALLERUP, JEFFREY RUTTEN, SR PARK ENTERPRISES, LLC f/k/a VERTICAL TRAMPOLINE PARK ENTERPRISES, LLC, J&C IP, INC.,**<br>    *Third-Party Plaintiffs,*<br><br>*v.*<br><br>**RENEGADES OF FUN, LLC, BRADLEY D. JESTIS AND TEJAL N. JESTIS,**<br>    *Third-Party Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br><br><br>**DENTON COUNTY, TEXAS** |

## PLAINTIFFS' FOURTH AMENDED PETITION

COME NOW 2434 South Interstate 35E Leasing, LLC ("2434 Leasing") and Milton 2434 South I-35, LLC ("Milton" and collectively with 2434 Leasing as "Plaintiffs"), Plaintiffs in the above-styled and numbered cause and file this Fourth Amended Petition and in support thereof would respectfully show as follows:

# I. PARTIES

1. Plaintiff 2434 South Interstate 35E Leasing, LLC is a Texas limited liability company.

2. Plaintiff Milton 2434 South I-35, LLC is a Texas limited liability company.

3. Defendant Thomas Hjelm ("Hjelm") is an individual who has been served with process and has appeared and answered in this suit.

4. Defendant Curtis Skallerup ("Skallerup") is an individual who has been served with process and has appeared and answered in this suit.

5. Defendant Jeffrey Rutten ("Rutten") is an individual who has been served with process and has appeared and answered in this suit.

6. Defendant SR Park Enterprises, LLC f/k/a Vertical Trampoline Park Enterprises, LLC ("SR Park") is a Texas Limited Liability Company which has been served with process and has appeared and answered in this suit.

7. Defendant J&C IP, Inc. ("J&C") is a Texas for-profit corporation which has been served with process and has appeared and answered in this suit.

8. Defendant Lunacrossing, Ltd. ("LunaCrossing") is a Texas limited partnership which has been served with process and has appeared and answered in this suit.

9. Defendant Triangle Property Management, Inc. ("Triangle") is a Texas for-profit corporation which has been served with process and has appeared and answered in this suit.

10. Defendant Renegades of Fun, LLC is a Texas limited liability company which has been served with process and has appeared and answered in this suit.

11. Defendant Bradley D. Jestis is an individual who has been served with process and has answered and appeared in this suit.

---

12.     Defendant Tejal N. Jestis is an individual who has been served with process and has answered and appeared in this suit.

## II. JURISDICTION & VENUE

13.     This Court has jurisdiction over the subject matter and parties to this action, and the amount in controversy is within the jurisdictional limits of this Court. Venue is proper in Denton County, Texas because all or a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Denton County, Texas. Plaintiffs seek relief within the minimum and maximum jurisdictional limits of this Court.

## III. DISCOVERY LEVEL AND STATEMENT OF RELIEF SOUGHT

14.     Plaintiffs plead that discovery should be conducted under Level 3, pursuant to TEX. R. CIV. P. 190.4. Pursuant to TEX. R. CIV. P. 47(c), Plaintiffs plead that, at the time of the filing of this Petition, Plaintiffs seek monetary relief over $1,000,000.

## IV. CONDITIONS PRECEDENT

15.     Pursuant to TEX. R. CIV. P. 54, Plaintiffs plead that all conditions precedent to Plaintiffs' right to obtain the relief requested herein have been performed or have occurred.

## V. FACTUAL BACKGROUND

**A.  Plaintiffs' Purchase of the Property and Assumption of the Lease**

16.     Defendant LunaCrossing, Ltd. (**"**LunaCrossing") was the owner of certain real property and the improvements thereon located at 2434 South I35, Denton, Texas 76205 (the "Property"). At all relevant times, Defendant Triangle Property Management, Inc. ("Triangle") was and is LunaCrossing's general partner.

17.     On **May 21, 2015**, Defendant Triangle, as landlord, and Altitude Jump Park, LLC d/b/a Altitude Trampoline Park ("Altitude"), as tenant, entered into that certain Shopping Center

Lease Agreement ("Shopping Center Lease") regarding 2434 I-35 South, Suite 140, Denton, Texas 76205 (the "Premises"). The Shopping Center Lease was executed by: (1) Yoram (Ron) Avneri ("Avneri"), on behalf of and as president of Triangle, and Defendant Thomas Hjelm ("Hjelm"), on behalf of and as owner of Altitude.

18.    Also, on **May 21, 2015**, Defendants Hjelm, Vertical Trampoline Park Enterprises, LLC, J&C IP, Inc., Curt Skallerup, and Jeff Rutten (collectively, the "Original Guarantors") each executed that certain Guaranty attached as Exhibit H to the Shopping Center Lease. The Guaranty provides, *inter alia*:

> In order to induce Landlord to execute the foregoing Lease with Tenant, the undersigned (whether one or more than one) has guaranteed, and by this instrument does hereby guarantee, the payment and performance of all liabilities, obligations and duties (including, but not limited to, payment of rent) imposed upon Tenant under the terms of the Lease, as if the undersigned has executed the Lease as Tenant hereunder.
>
> The undersigned hereby waives notice of acceptance of this Guaranty and all other notices in connection herewith or in connection with the liabilities, obligations and duties guaranteed hereby, including notices of default by Tenant under the Lease, and waives diligence, presentment and suit on the part of Landlord in the enforcement of any liability, obligation or duty guaranteed hereby.
>
> The undersigned further agrees that Landlord shall not be first required to enforce against Tenant or any other person any liability, obligation or duty guaranteed hereby before seeking enforcement thereof against the undersigned. Suit may be brought and maintained against the undersigned by Landlord to enforce any liability, obligation or duty guaranteed hereby without joinder of Tenant or any other person. The liability of the undersigned shall not be affected by any indulgence, compromise, settlement or variation of terms which may be extended to Tenant by Landlord or agreed upon by Landlord and Tenant, and shall not be impaired, modified, changed, released or limited in any manner whatsoever by any impairment, modification, change, release, or limitation of the liability of Tenant or its estate in bankruptcy, or of any remedy for the enforcement thereof, resulting from the operation of any present or future provision of the federal Bankruptcy Act, or any similar law or statute of the United States or any state thereof. Landlord and Tenant, without notice to or consent by the undersigned, may at any time or times enter into such extensions, renewals, amendments, assignments, subleases, or other covenants with respect to the Lease as they may deem appropriate, and the undersigned shall not be released thereby, but shall continue to be fully liable for the payment and performance of all liabilities,

**Appx. 004**

obligations and duties of Tenant under the Lease as so extended, renewed, amended, assigned or otherwise modified.

It is understood that other agreements similar to this Guaranty may, at Landlord's sole option and discretion, be executed by other persons with respect to the Lease. This guaranty shall be cumulative of any such agreements and the liabilities and obligations of the undersigned hereunder shall in no event be affected or diminished by reason of such other agreements. Moreover, in the event Landlord obtains another signature of more than one guarantor on this page or by obtaining additional guarantee agreements, or both, the undersigned agrees that Landlord, in Landlord's sole discretion, may (i) bring suit against all guarantors of the Lease jointly and severally or against any one or more of them, (ii) compound or settle with any one or more of the guarantors for such consideration as Landlord may deem proper, and (iii) release one or more of the guarantors from liability. The undersigned further agrees that no such action shall impair the rights of Landlord to enforce the Lease against any remaining guarantor or guarantors, including the undersigned.

19.    On **September 1, 2016**, LunaCrossing, as landlord, and Altitude, as tenant, entered into that certain Lease Amendment.[1]

20.    **On January 27, 2017**, Hjelm, one of the Original Guarantors and the owner of tenant Altitude, filed for Chapter 13 Bankruptcy.

21.    In **early 2018**, original tenant Altitude assigned the Shopping Center Lease (as amended and assigned, the "Lease") to Defendant Renegades of Fun, LLC ("Renegades" or "Tenant") pursuant to that certain Amendment and Assignment of Lease dated to be effective March 26, 2018 (the "March 2018 Amendment"). The following were the parties to the March 2018 Amendment: (1) LunaCrossing (landlord), (2) Altitude (assignor and original tenant); (3) the Original Guarantors; (4) Defendants Bradley Jetis and Tejal Jetis (new guarantors); and (5) Renegades (assignee and new tenant). In the March 2018 Amendment, the Original Guarantors again reaffirmed and, as to Defendants Skallerup and Rutten, expanded their obligations under the Guaranty as to the entirety of all the obligations of the original tenant under the Lease, as part of

---

[1] "Luna Crossing is owner of the Shopping Center by recorded warranty deed from LC-ALB 1031, LLC and has been assigned the Lease from Triangle Property Management, Inc."

---

PLAINTIFFS' FOURTH AMENDED PETITION                                    PAGE 5 OF 18

the sale of the subject business from Altitude to Renegades. The owners/principals of Renegades,

Bradley D. Jestis and Tejal N. Jestis (collectively, the "New Guarantors" and with the Original

Guarantors as the "Guarantors") guaranteed all amounts due under the Lease in addition to the

Original Guarantors. The March 2018 Amendment provides, *inter alia*:

> Landlord [LunaCrossing] hereby consents to the assignment herein and agrees
> that Assignee [Renegades] shall be deemed the lessee and "tenant" under the
> terms of the Lease, but Original Tenant [Altitude] and Original Guarantors are
> NOT released from any of the obligations of the Lease. Until the expiration of
> the term of the Lease, both Original Tenant and Original Guarantors, and
> Assignee and New Guarantors, are jointly and severally liable for the full and
> complete performance of the obligations of Original Tenant under the Lease.

22.     On **November 9, 2018**, LunaCrossing, as seller, and non-party Vista Partners

Capital Trust ("Vista"), as purchaser, entered into a Purchase and Sale Agreement (as amended

and assigned, the "PSA") for the purchase and sale of the Property. Averni, as president of

Triangle, executed the PSA on behalf of LunaCrossing. Subsequently, LunaCrossing and Vista

entered into numerous amendments to the PSA.

23.     On **December 19, 2019**, Vista, as assignor, and Plaintiff Milton, as assignee,

entered into the Assignment of Purchase Agreement, whereby Vista assigned its rights and

obligations under the PSA to Milton.

24.     On or about **January 3, 2020**, LunaCrossing and Milton consummated the

transaction contemplated in the PSA and Milton took title to the Property.

25.     On **January 7, 2020**, Milton entered into a Ground Lease with 2434 Leasing by

which 2434 Leasing was assigned all rights as landlord for all leases of spaces in the Property,

including the Lease (the "Ground Lease").

26.     As a result of the above transactions, including the assignments, amendments

assumptions and Ground Lease: Milton is the current owner of the Property; 2434 Leasing is the

landlord under the Lease; and Defendant Renegades was the tenant under the Lease.

---

**B.  Tenant Renegades Defaults Under the Lease and Guarantors Breach the Guaranty**

27.  Pursuant to the terms of the Lease, Renegades was required to make certain monthly payments to Leasing, including for, *inter alia*, rent, insurance, management fees, CAM charges, real estate taxes, and utilities. Beginning in **March 2020**, Renegades failed to make all required payments pursuant to the terms of the Lease through **July 1, 2021**. As such, Renegades defaulted under the terms of the Lease.

28.  Pursuant to the terms of the Lease, from **March 1, 2020** to **July 1, 2021**, Renegades was required to and failed to pay to Leasing the total amount of $714,778.35 (the "Original Past Due Amount" or "Past-Due Rent"). Guarantors did not pay the Original Past Due Amount to Leasing. In **July 2020** and **November 2020**, 2434 Leasing sent Tenant notices of default. The Guarantors were copied on the notices of default.

29.  Renegades was unable to pay rent for almost another year until **August 2021**, when 2434 Leasing and Renegades signed a Third Amendment to Lease (the "3rd Amendment"). Therein, 24324 Leasing and Renegades "*agree[d] and acknowledge[d] that the total unpaid and accrued amount of rent and other charges owed by [Renegades] under the terms of the Lease is $714,778.35.*" As consideration for the 3rd Amendment, Renegades paid 2434 Leasing $75,000.00 of the Original Past Due Amount, leaving a total balance due and owing for the Lease term of March 1, 2020 to July 1, 2021 in the amount of $639,778.35 (the "2021 Past Due Amount" or "Deferred Rent"). In the 3rd Amendment, 2434 Leasing also agreed to reduce Renegades rent to $30,000.00 per month, inclusive of all common area maintenance, property tax, and insurance costs (the "Triple Net Costs") which were otherwise due *in addition* to the base rent under the Lease. With implementation of the 3rd Amendment, the Deferred Rent was deferred, and 2434 Leasing took a $14,795.05 loss on each month of the Lease beginning August 1, 2021. The 3rd

---

PLAINTIFFS' FOURTH AMENDED PETITION                                    PAGE 7 OF 18

Amendment provided that Renegades would not be required to pay the Deferred Rent or the remaining rent and monthly charges due under the Lease (above the $30,000.00 monthly reduced rent) except in the event of a default.

30. However, shortly thereafter, Renegades failed to make its reduced rent payment on **October 1, 2022** and **November 1, 2022** in violation of the 3rd Amendment. On **November 15, 2022**, 2434 Leasing's property manager, sent Renegades a Notice of Default, which provided, *inter alia*:

> You are in default of the Lease by failing to timely pay Rent, as that term is defined in Section 4.1 of the Lease. Demand is hereby made that you pay all delinquent Rent as set forth on the attached statement immediately. If you fail to do so, then Landlord pay begin enforcing its rights under the Lease for such default without further notice.

31. Renegades has since failed to pay rent since July 2023 and abandoned the Premises in August 2023. Renegades and the Guarantors are obligated to pay 2434 Leasing for the amounts not paid under the Lease, including the difference between the monthly rent payable by the new tenant at the Premises and the amounts due and owing under the initial Lease terms. Renegades remains in default under the Lease, causing 2434 Leasing damages in the amount of not less than $1,618,711.05. To date, Renegades and Guarantors again have not paid the past due amount.

**C. Plaintiffs Discover the Rent Reduction Request and Hjelm's Bankruptcy**

32. After closing on the Property and assuming the Lease, Plaintiffs discovered that Renegades and the New Guarantors, Renegades' owners and principals, (collectively, the "Tenant Defendants") had already requested a rent reduction from Defendants LunaCrossing and Triangle (collectively, the "Seller Defendants") under the Lease prior to closing, having indicated that Renegades would not be able to continue paying the above-market rates in the Lease. Plaintiffs also subsequently learned after closing on the Property that Defendant Hjelm had filed a voluntary petition for bankruptcy in 2017, which constituted an event of default under the Lease. Plaintiffs

further subsequently learned that during negotiations for the March 2018 Amendment, the Seller

Defendants were working with the prior tenant under the Lease, Altitude, to provide "free rent" to

Renegades. Further, during the negotiations, the Seller Defendants had concerns regarding the

financial viability of the Tenant Defendants and were aware that the Tenant Defendants were not

equivalent to the financial security provided by the Original Guarantors. Charles Kramer

("Kramer"), the attorney representing Averni as principal for the Seller Defendants, stated to

Brenton Moore ("Moore"), the attorney representing original tenant Altitude:

> On release of the original lease obligors: my client does not feel the new tenants
> and guarantors meet the standards of Section 19.4 as far as being equal to or
> greater than Tenant's net worth as existed at the time of lease execution.
> Therefore he wants original tenants and guarantors to remain liable.

33. Until they sent the aforementioned notices of default, demanding payment of past-due rents required under the Lease, Plaintiffs were not aware of any insolvency or bankruptcy filed by any of the Original Guarantors to the Lease. Instead, at the time of purchasing the Property and assuming the Lease, Plaintiffs only had reason to believe that all the Guarantors identified in the Lease were solvent and able to back the Tenant Defendants for the amounts due under the Lease.

34. Plaintiffs were further shocked to learn that the Tenant Defendants had requested a reduction of the rent under the Lease before closing. At the beginning of 2020, Mark Sher, as representative of and on behalf of Plaintiffs, contacted Defendant Bradley Jestis, Renegades' principal, to discuss Renegades' increasing rent. During that telephone call, Mr. Jestis informed Mr. Sher that Mr. Jestis had contacted the Seller Defendants to request a permanent reduction of Renegades' monthly rent under the lease, but that the Seller Defendants had denied his request. Until that time, Plaintiffs had no knowledge or information regarding such a request by Tenant Defendants.

---

35.     Upon information and belief, the Seller Defendants knowingly withheld this information from Plaintiffs or, alternatively, failed to disclose it in an effort to obtain the highest purchase price possible, or failed to act with diligence in representing that the Lease was not in default at the time of closing. The Seller Defendants' improper withholding of material information relating to the Property caused Milton to acquire the Property at a higher purchase price than that at which it would have appraised had the Seller Defendants disclosed the information they had to Milton and caused Plaintiffs to assume the Lease.

36.     Had Plaintiffs known of Hjelm's bankruptcy or the fact that the Tenant Defendants were struggling to pay the bills, they would not have consummated the purchase of the Property from the Seller Defendants and would not have assumed the Lease. The value of the Property (and Lease) is significantly diminished because the rental rate under the Lease is significantly lower than what was represented at the time of Plaintiffs' acquisition of the Property and assumption of the Lease, and one of the guarantors of the Lease for nearly half of the Property is insolvent. Instead, the Seller Defendants kept their knowledge about the requested rent reduction and Hjelm's bankruptcy from Plaintiffs, and Plaintiffs are now owed not less than $1,618,711.05 under the terms of the Lease, in addition to having a property that is not worth the same value represented by the Seller Defendants.

## VI. CAUSES OF ACTION

### COUNT ONE: BREACH OF CONTRACT - GUARANTY
(GUARANTORS)

37.     Plaintiffs reallege and incorporate the facts and allegations set forth above as if they were fully set forth herein.

38.     The Guaranty is a valid, enforceable, and binding agreement between 2434 Leasing and the Guarantors. 2434 Leasing is the owner of the Guaranty. The Lease secured by the Guaranty

---

PLAINTIFFS' FOURTH AMENDED PETITION                                    PAGE 10 OF 18

**Appx. 010**

sets forth the obligations underlying the Guaranty which include the requirement that Tenant make certain payments to 2434 Leasing thereunder.

39.     Tenant breached the Lease on multiple occasions by failing to pay rent as agreed in the 3rd Amendment, the previously deferred past-due rent totaling $639,778.35, the previously deferred reduced base rent of $341,505.18, the previously reduced triple net charges equaling $457,427.52. 2434 Leasing fully performed its obligations under the Lease. Tenant has since breached the Lease – including the 3rd Amendment – by failing to pay even the reduced rents when due.

40.     To 2434 Leasing's detriment, the Guarantors materially breached the Guaranty by failing to pay to 2434 Leasing the past due amounts currently totaling at least $1,618,711.05. The Guarantors were not excused from performing their obligations under the Guaranty.

41.     The Guarantors' breach of the Guaranty has directly and proximately caused damages to 2434 Leasing in the amount of at least $1,618,711.05. Accordingly, 2434 Leasing seeks recovery herein of its damages from the Guarantors in such amounts, plus all reasonable and necessary attorney's fees incurred in the prosecution of this claim, pre-judgment and post-judgment interest at the highest lawful rates, and all taxable costs of court.

### COUNT TWO: BREACH OF CONTRACT - LEASE
(TENANT RENEGADES)

42.     Plaintiffs reallege and incorporate the facts and allegations set forth above as if they were fully set forth herein.

43.     The Lease is a valid, enforceable, and binding agreement between 2434 Leasing and Renegades. 2434 Leasing has at all times performed its obligations as required under the Lease.

44.     Renegades breached the Lease on multiple occasions by failing to pay rent as agreed in the Lease and the 3rd Amendment, including the previously deferred past-due rent totaling $639,778.35, the previously deferred reduced base rent of $341,505.18, the previously reduced triple net charges equaling $457,427.52. Renegades has also abandoned the Property in breach of the Lease. Renegades has since breached the Lease – including the 3rd Amendment – by failing to pay even the reduced rents when due.

45.     To 2434 Leasing's detriment, Renegades has materially breached the Lease by failing to pay to 2434 Leasing all amounts due under the Lease, totaling at least $1,618,711.05. Renegades is not excused from performing its obligations under the Lease.

## COUNT THREE: COMMON LAW FRAUD
### (ORIGINAL GUARANTORS)

46.     Plaintiffs reallege and incorporate the facts and allegations set forth above as if they were fully set forth herein.

47.     In the March 2018 Amendment, each of the Original Guarantors represented that they were not released "from any of the obligations under the Lease" and that they are, jointly and severally with Tenant and the New Guarantors, "liable for the full and complete performance of obligations of Original Tenant under the Lease." Notwithstanding this representation, the Original Guarantors now assert that they are not liable under their guaranties of the Lease.

48.     Such representation by the Original Guarantors was material and was made by the Original Guarantors knowing that they were false, or that they were made recklessly, as a positive assertion, and without knowledge of their truth. The Original Guarantors made such false representation to induce 2434 Leasing's predecessor-in-interest to enter into the March 2018 Amendment. 2434 Leasing and, on information and belief, LunaCrossing, relied on such representation to its detriment as intended by the Original Guarantors.

### COUNT FOUR: <u>COMMON LAW FRAUD</u>
(TENANT AND NEW GUARANTORS)

49.     Plaintiffs reallege and incorporate the facts and allegations set forth above as if they were fully set forth herein.

50.     Prior to Plaintiff Milton closing on the purchase of the Property and prior to 2434 Leasing's assumption of the Lease, the Tenant Defendants falsely represented to Plaintiffs, among other things in the Tenant Estoppel Certificate dated **October 10, 2019**, that the Lease was in good standing and that Renegades was paying and was able to continue paying the full rent stated under the Lease, and that neither Renegades nor LunaCrossing was in default under the Lease.

51.     Renegades also falsely represented to 2434 Leasing in the 3rd Amendment that it would pay the reduced monthly rent if it was allowed to maintain possession of the Premises and continue operating. The New Guarantors also represented that they are, jointly and severally with Tenant and the Original Guarantors, "liable for the full and complete performance of obligations of Original Tenant under the Lease." Notwithstanding these representations, the Tenant Defendants refuse to pay all amounts due under the Lease. The Tenant Defendants knew at the time they signed the 3rd Amendment and the March 2018 Amendment that they would be unable to pay all amounts due under the Lease and further entered into these agreements and made the promises therein with no intention of performing by paying the amounts due thereunder.

52.     The Tenant Defendants made representations to induce Plaintiff Milton to close on the Property and to pay the purchase price and to induce, *inter alia*, 2434 Leasing to assume the Lease and enter into the 3rd Amendment. The Tenant Defendants knew such representations were false, or made them recklessly, as a positive assertion, and without knowledge of their truth. The Tenant Defendants made such representations with the intent that Plaintiffs rely on such representations, which Plaintiffs did, causing them injury. The Tenant Defendants further made

promises, including by promising to pay certain amounts and, at the time they made such promises, the Tenant Defendants had no intention of performing. Plaintiffs' reliance on these promises caused Plaintiffs injury including by causing Plaintiff Milton to pay a higher purchase price than it otherwise would have paid for the Property and causing 2434 Leasing to assume the Lease and enter the 3rd Amendment.

53.     Moreover, the Tenant Defendants concealed from or failed to disclose certain material facts to Plaintiffs, including that, prior to Milton closing on the purchase of the Property, the Tenant Defendants had requested a rent reduction from the Seller Defendants and the Seller Defendants denied the request. The Tenant Defendants had a duty to disclose such facts to Plaintiffs. The Tenant Defendants knew that Plaintiffs were ignorant of such facts and that Plaintiffs did not have an equal opportunity to discover such facts. Instead, the Tenant Defendants were deliberately silent when they had a duty to speak, and, by failing to disclose such facts, intended to induce 2434 Leasing to assume the Lease and to induce Milton to close on its purchase of the Property. As a result, Plaintiffs relied on the Tenant Defendants' nondisclosure, and Plaintiffs were injured as a result of acting without knowledge of the undisclosed facts.

### COUNT FIVE: COMMON LAW FRAUD
(SELLER DEFENDANTS)

54.     Plaintiffs reallege and incorporate the facts and allegations set forth above as if they were fully set forth herein.

55.     The Seller Defendants represented to Milton, among other things, that the Lease was in good standing leading up to closing and that Renegades was paying and was able to continue paying the full rent stated under the Lease. The Seller Defendants also represented that the guaranties underlying the Lease were satisfactory security for Renegades' performance of the Lease, but withheld that the Seller Defendants, actually considered the Tenant Defendants

financially incapable of supporting Renegades' obligations under the Lease. Such false representations were material and the Seller Defendants – including their principal, Ron Aveneri, knew such representations were false, or made them recklessly, as a positive assertion, and without knowledge of their truth. The Seller Defendants made such representations with the intent that Milton rely on it, which Milton did, causing Plaintiffs injury. On information and belief, the Seller Defendants may have also provided altered and/or forged documents in the transaction which had a significant impact on the valuation of the property at issue and thus injured Plaintiffs further.

## COUNT SIX: <u>STATUTORY FRAUD</u>
(SELLER DEFENDANTS)

56. Plaintiffs reallege and incorporate the facts and allegations set forth above as if they were fully set forth herein.

57. Milton's acquisition of the Property was a transaction involving real estate. During the transaction, the Seller Defendants made false representations of fact and/or false promises and did so for the purpose of inducing Vista and Plaintiff Milton (collectively, "<u>Buyer</u>") to enter into the PSA and to ultimately close on the acquisition of the Property. Buyer relied on the false representations or promises by entering into the PSA and closing on its purchase of the Property thereunder, and the reliance caused Buyer injury.

## COUNT SEVEN: <u>FRAUD BY NONDISCLOSURE</u>
(SELLER DEFENDANTS)

58. Plaintiffs reallege and incorporate the facts and allegations set forth above as if they were fully set forth herein.

59. The Seller Defendants concealed from or failed to disclose certain material facts to Milton as discussed, *supra*. Seller Defendants had a duty to disclose such facts to Milton. For example and without limitation, that the Seller Defendants knew that Buyer was ignorant of such

facts and that Milton did not have an equal opportunity to discover such facts. Instead, the Seller Defendants were deliberately silent when they had a duty to speak, and, by failing to disclose such facts, intended to induce Milton to enter into the PSA and acquire the Property. As a result, Milton relied on Seller Defendants' nondisclosure, and Plaintiff Milton was injured as a result of acting without knowledge of the undisclosed facts.

### COUNT EIGHT: NEGLIGENT MISREPRESENTATION
#### (SELLER DEFENDANTS)

60.     Plaintiffs reallege and incorporate the facts and allegations set forth above as if they were fully set forth herein.

61.     The Seller Defendants represented to Milton, among other things, that the Lease was in good standing leading up to closing, that Renegades was paying and was able to continue paying the full rent stated under the Lease, and that the documents provided in the subject transaction were true and correct. The Seller Defendants did not use reasonable care in obtaining or communicating such information. Milton justifiably relied on the Seller Defendants' representations, which proximately caused Plaintiffs' injury.

### COUNT NINE: ATTORNEY'S FEES

62.     Plaintiffs reallege and incorporate the facts and allegations set forth above as if they were fully set forth herein.

63.     Despite Plaintiffs' demands and presentment of their claims to the Original Guarantors, the Tenant Defendants, and Seller Defendants (collectively, "Defendants"), Defendants have failed to pay Plaintiffs. As such, Plaintiffs were forced to use legal counsel to enforce its rights and to prosecute its claims against Defendants.

64.     The Guaranty provides:

[Defendants] agree[] that if [Plaintiff] shall employ an attorney to present, enforce or defend all of [Plaintiff's] rights or remedies hereunder, [Defendants] shall pay any reasonable attorney's fees incurred by [Plaintiff] in such connection.

65.     The Shopping Center Lease provides:

Article 22.6: If on account of any breach or default by Tenant in its obligations hereunder, Landlord shall employ an attorney to present, enforce or defend any of Landlord's rights or remedies hereunder, Tenant agrees to pay any reasonable attorney's fees incurred by Landlord in such connection.

66.     Pursuant to the Guaranty, the Lease, Chapter 27 of the *Texas Business and Commerce Code*, and Chapter 38 of the *Texas Civil Practice and Remedies Code*, Plaintiffs are entitled to recover their reasonable and necessary attorney's fees and expenses from Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs 2434 South Interstate 35E Leasing, LLC and Milton 2434 South I-35, LLC respectfully pray that Defendants be ordered to appear in these proceedings, that the Court enter judgment in favor of Plaintiffs and against Defendants, jointly and severally, for all actual damages as requested herein, exemplary damages, interest before and after judgment at the highest lawful rates, all reasonable and necessary attorney's fees and expenses, all taxable costs of court, and that the Court award Plaintiffs such further relief, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully Submitted,

**JOHNSON FRIEDMAN LAW GROUP, PLLC**

**SAMUEL H. JOHNSON**
State Bar No. 24065507
**BRANDY N. HOGE**
State Bar No. 24078675
16803 Dallas Parkway, Suite 320
Addison, Texas 75001
Phone: 214.382.0300
sam@jfbusinesslaw.com
brandy@jfbusinesslaw.com
**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that, in accordance with Rule 21a of the *Texas Rules of Civil Procedure*, a true and correct copy of the above and foregoing has been forwarded to all counsel of record on March 12, 2024.

Samuel H. Johnson

---

PLAINTIFFS' FOURTH AMENDED PETITION                                   PAGE 18 OF 18

**Appx. 018**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cambria Washington on behalf of Samuel Johnson
Bar No. 24065507
cambria@jfbusinesslaw.com
Envelope ID: 85465288
Filing Code Description: Fourth Amended
Filing Description: Plaintiff's Fourth Amended Petition
Status as of 3/12/2024 2:21 PM CST

Associated Case Party: 2434 South Interstate 35E Leasing, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brandy Hoge | | brandy@jfbusinesslaw.com | 3/12/2024 1:37:51 PM | SENT |
| Aaron Gottlieb | | aaron@jfbusinesslaw.com | 3/12/2024 1:37:51 PM | SENT |
| Samuel Johnson | | sam@jbusinesslaw.com | 3/12/2024 1:37:51 PM | SENT |
| Cambria Washington | | cambria@jfbusinesslaw.com | 3/12/2024 1:37:51 PM | SENT |

Associated Case Party: Thomas  Hjelm

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Cody Lewis | | clewis@hbwvlaw.com | 3/12/2024 1:37:51 PM | SENT |
| Nicole Smith | | nsmith@hbwvlaw.com | 3/12/2024 1:37:51 PM | SENT |

Associated Case Party: SR Park Enterprises, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Philip Vickers | | pvickers@canteyhanger.com | 3/12/2024 1:37:51 PM | SENT |

Associated Case Party: Lunacrossing, LTD.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| MATTHEW MUCKLEROY | | MATT@MUCKLEROYLAW.COM | 3/12/2024 1:37:51 PM | SENT |
| Cameron Jean | | cjean@cwl.law | 3/12/2024 1:37:51 PM | SENT |
| Matthew Muckleroy | | mmuckleroy@cwl.law | 3/12/2024 1:37:51 PM | SENT |
| Sysney S | | ssadler@cwl.law | 3/12/2024 1:37:51 PM | SENT |
| Charli Pierrelouis | | cpierrelouis@cwl.law | 3/12/2024 1:37:51 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Cambria Washington on behalf of Samuel Johnson
Bar No. 24065507
cambria@jfbusinesslaw.com
Envelope ID: 85465288
Filing Code Description: Fourth Amended
Filing Description: Plaintiff's Fourth Amended Petition
Status as of 3/12/2024 2:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Elizabeth Rogatski | | elizabeth@jfbusinesslaw.com | 3/12/2024 1:37:51 PM | SENT |
| Samuel Johnson | | sam@jfbusinesslaw.com | 3/12/2024 1:37:51 PM | SENT |
| Dawn Johnson | | dmj@greensfelder.com | 3/12/2024 1:37:51 PM | SENT |
| Sydney Sadler | | ssadler@cwl.law | 3/12/2024 1:37:51 PM | SENT |

Associated Case Party: Renegades of Fun, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Thomas C.Carroll | | tcarroll@jonesdavis.com | 3/12/2024 1:37:51 PM | SENT |
| Matthew K.Davis | | mdavis@jonesdavis.com | 3/12/2024 1:37:51 PM | SENT |
| David Diaz | | ddiaz@jonesdavis.com | 3/12/2024 1:37:51 PM | SENT |

FILED: 9/30/2025 3:14 PM
David Trantham
Denton County District Clerk
By: Jade Kenemore, Deputy

## CAUSE NO. 22-4043-481

| | | |
|---|---|---|
| **2434 SOUTH INTERSTATE 35E LEASING, LLC and MILTON 2434 SOUTH I-35, LLC,** *Plaintiffs,* | § § § § § § | **IN THE DISTRICT COURT** |
| *v.* | § § § | |
| **THOMAS HJELM, CURTIS SKALLERUP, JEFFREY RUTTEN, SR PARK ENTERPRISES, LLC f/k/a VERTICAL TRAMPOLINE PARK ENTERPRISES, LLC, J&C IP, INC., LUNACROSSING, LTD., and TRIANGLE PROPERTY MANAGEMENT, INC.** *Defendants.* | § § § § § § § § § § § § | **481st JUDICIAL DISTRICT** |
| **CURTIS SKALLERUP, JEFFREY RUTTEN, SR PARK ENTERPRISES, LLC f/k/a VERTICAL TRAMPOLINE PARK ENTERPRISES, LLC, J&C IP, INC.,** *Third-Party Plaintiffs,* | § § § § § § § | |
| *v.* | § § | |
| **RENEGADES OF FUN, LLC, BRADLEY D. JESTIS AND TEJAL N. JESTIS,** *Third-Party Defendants.* | § § § | **DENTON COUNTY, TEXAS** |

### THIRD AMENDED AGREED LEVEL III SCHEDULING ORDER

On this day came on to be considered the Third Amended Agreed Level III Scheduling Order submitted by the parties. After reviewing the proposed schedule and in recognition that this is an agreed schedule, the Court is of the opinion that said Third Amended Agreed Level III Scheduling Order should be adopted as follows:

IT IS THEREFORE, ORDERED, ADJUDGED and DECREED that this case is set for a JURY TRIAL on **March 9, 2026 at 9:00 a.m.** with Docket Call set for **February 26, 2026 at 3:00 p.m.**

**Appx. 021**

IT IS FURTHER, ORDERED, ADJUDGED and DECREED that the following deadlines shall be adhered to in this case:

**January 24, 2026**      Deadline to *serve* designations of any deposition testimony to be offered at trial, witness lists, and exhibit lists (other than exhibits offered solely for purposes of impeachment).

**February 1, 2026**      Deadline to *serve* counter deposition designations, along with any objections to any other party's deposition designations, witnesses and exhibits.

**February 14, 2026**      Deadline to *file* witness lists, exhibit lists, motions in limine, deposition designations, proposed jury instructions and verdict form, and a list of any unresolved objections to deposition testimony or exhibits.

At Docket Call on February 26, 2026, each party must bring the items required to be filed by February 12, 2026 pursuant to this Order, all exhibits pre-marked for identification, and a trial summary for each cause of action and defense asserted by it, the elements of same, and the legal standard for any measure of damages. Parties shall attempt to limit the trial summary to one-page.

All deadlines from prior scheduling orders in this matter, not expressly modified herein are incorporated herein by reference and remain unchanged.

With the exception of the trial setting, the above deadlines may be modified by agreement of counsel or upon leave of court.

**SIGNED** 9/30/2025 _____, 2025.

_____
**JUDGE PRESIDING**

RESPECTFULLY SUBMITTED,

/s/ Aaron B. Gottlieb
**Samuel H. Johnson**
State Bar No. 24065507
sam@jfbusinesslaw.com
**Aaron B. Gottlieb**
State Bar No. 24069815
aaron@jfbusinesslaw.com
**Brandy N. Hoge**
State Bar No. 24078675
brandy@jfbusinesslaw.com
JOHNSON FRIEDMAN LAW GROUP, PLLC
16803 Dallas Parkway, Suite 320
Addison, Texas 75001
Phone: (214) 382.0300
**Attorneys for Plaintiffs**

/s/ Dawn M. Johnson (by permission)
**Dawn M. Johnson**
Missouri Bar No. 41991
djohnson@ubglaw.com
UB GREENSFELDER LLP
10 South Broadway, Suite 2000
St. Louis, MO 63102
Phone: (314) 516-2678

AND

Philip Vickers
State Bar No. 24051699
pvickers@canteyhanger.com
CANTEY HANGER LLP
600 W. 6th Street, Suite 300
Fort Worth, TX 76102
Phone: (817) 877-2800
**Attorneys for Defendants
Curtis Skallerup, Jeffrey Rutten, SR
Park Enterprises, f/k/a Vertical
Trampoline Park Enterprises, LLC,
and J&C IP, Inc.**

/s/ David M. Diaz (by permission)
**Matthew K. Davis**
State Bar No. 05526000
mdavis@jonesdavis.com
**David M. Diaz**
State Bar No. 24012528
ddiaz@jonesdavis.com
JONES, DAVIS & JACKSON, PC
15110 Dallas Parkway, Suite 300
Dallas, TX 75248
Phone: (972) 733-3117
**Attorneys for Third-Party Defendants
Renegades of Fun, LLC, Bradley D. Jestis
and Tejal N. Jestis**

/s/ Matthew S. Muckleroy (by permission)
**Matthew S. Muckleroy**
State Bar No. 24066796
matt@muckleroylaw.com
**Dallas Flick**
State Bar No. 24104675
dflick@cwl.com
2911 Turtle Creek Blvd., Suite 300
Dallas, Texas 75219
Phone: (469)202.4209
**Attorneys for Defendants Triangle
Property Management, Inc. and
Lunacrossing, Ltd**

_____
**Thomas Hjelm,** *Pro Se*
1840 East 15th Street
Tulsa, Oklahoma 74104
**tom.hjelm@verizon.net**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

CHAITALI RATHOD on behalf of Aaron Gottlieb
Bar No. 24069815
chaitali@jfbusinesslaw.com
Envelope ID: 106034446
Filing Code Description: Third Amended
Filing Description: Agreed Level III Scheduling Order
Status as of 10/2/2025 9:01 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| MATTHEW MUCKLEROY | | MATT@MUCKLEROYLAW.COM | 9/24/2025 3:14:30 PM | SENT |
| Philip Vickers | | pvickers@canteyhanger.com | 9/24/2025 3:14:30 PM | SENT |
| Thomas C.Carroll | | tcarroll@jonesdavis.com | 9/24/2025 3:14:30 PM | SENT |
| Samuel Johnson | | sam@jfbusinesslaw.com | 9/24/2025 3:14:30 PM | SENT |
| Brandy Hoge | | brandy@jfbusinesslaw.com | 9/24/2025 3:14:30 PM | SENT |
| Matthew K.Davis | | mdavis@jonesdavis.com | 9/24/2025 3:14:30 PM | SENT |
| Matthew Muckleroy | | mmuckleroy@cwl.law | 9/24/2025 3:14:30 PM | SENT |
| Dawn Johnson | | DJohnson@ubglaw.com | 9/24/2025 3:14:30 PM | SENT |
| Sydney Sadler | | ssadler@cwl.law | 9/24/2025 3:14:30 PM | SENT |
| Cambria Washington | | cambria@jfbusinesslaw.com | 9/24/2025 3:14:30 PM | SENT |
| Aaron Gottlieb | | aaron@jfbusinesslaw.com | 9/24/2025 3:14:30 PM | SENT |
| Samuel Johnson | | sam@jbusinesslaw.com | 9/24/2025 3:14:30 PM | SENT |
| David Diaz | | ddiaz@jonesdavis.com | 9/24/2025 3:14:30 PM | SENT |
| Dallas Flick | | dflick@cwl.law | 9/24/2025 3:14:30 PM | SENT |
| Elizabeth Rogatski | | elizabeth@jfbusinesslaw.com | 9/24/2025 3:14:30 PM | SENT |
| Sysney S | | ssadler@cwl.law | 9/24/2025 3:14:30 PM | SENT |
| Thomas Hjelm | | tom.hjelm@verizon.net | 9/24/2025 3:14:30 PM | SENT |
| Juanita Jones | | jjones@ubglaw.com | 9/24/2025 3:14:30 PM | SENT |
| Diana Castillo | | paralegal2@cwl.law | 9/24/2025 3:14:30 PM | SENT |
| Kathryn Walsh | | kwalsh@ubglaw.com | 9/24/2025 3:14:30 PM | SENT |